# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-10429
Conference Calendar

HARVEY LEROY SOSSAMON, III

Plaintiff-Appellant

v.

ASSISTANT WARDEN CARY J COOK, Assistant Warden; THOMAS P DRIVER, Lieutenant Security; T RODDY, Administrative Assistant

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:05-CV-221

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Harvey Leroy Sossamon, III, Texas prisoner # 1120297, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal as frivolous of his civil rights complaint, in which he asserted that the appellees violated his rights under the First and Fourteenth Amendments in connection with a disciplinary conviction of being out of place.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sossamon's IFP motion is construed as a challenge of the district court's certification decision. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). "Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for in forma pauperis status if it is not taken in good faith." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Id. at 220 (quotation marks omitted).

Sossamon contends that he was entitled to receive the procedural protections of Wolff v. McDonnell, 418 U.S. 539 (1974), and that the magistrate judge erred in dismissing the complaint as frivolous without giving him an opportunity to conduct discovery. These contentions are without merit.

A district court must dismiss a complaint that it determines to be frivolous. § 1915(e)(2)(B)(i). Sossamon's punishment was limited to 15 days of commissary and cell restrictions. Such punishments do not give rise to a constitutionally protected liberty interest. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997). No facts could have been developed through discovery that could have overcome this fatal flaw in Sossamon's due process claim.

Sossamon has failed to provide in his IFP motion any legal or factual analysis of the question whether the defendants violated his rights under the Religious Land Use and Institutionalized Persons Act.[1] Accordingly, the issue is waived. See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 260 n.9 (5th Cir. 1995).

The motion for leave to proceed IFP on appeal is denied. Sossamon's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard, 707 F.2d at 219-20. The district court's dismissal of Sossamon's

---

[1] 42 U.S.C. § 2000cc et seq.

complaint as frivolous and this court's dismissal of Sossamon's appeal both count as strikes for purposes of § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Sossamon that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.